KELLER, P.J.,
delivered the opinion of the Court
in which PRICE, WOMACK, JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined.
This is an application for a writ of habe-as corpus. The habeas judge originally recommended that we grant relief in the form of a new trial because of counsel’s deficient performance in failing to have mental-health experts appointed and in failing to properly investigate and present an insanity defense. We originally filed and set this application to determine whether applicant was prejudiced at the guilt phase of trial by counsel’s deficient performance. We concluded that applicant was not prejudiced at the guilt phase because Texas law prevents the consideration at guilt of evidence of insanity caused by voluntary intoxication.[1] But because Texas law allows consideration of such evi *324 dence at punishment, and the habeas judge had recommended granting relief, we remanded the proceeding to the habeas judge for findings of fact on whether applicant was prejudiced with respect to the issue of punishment.[2] In his findings of fact and conclusions of law on remand, the habeas judge concludes that applicant was prejudiced with respect to the issue of punishment. The record supports the ha-beas judge’s conclusion in this regard. Consequently, we grant applicant relief in the form of a new punishment hearing and remand this case to the trial court for that purpose.
KEASLER, J., filed a dissenting opinion.
MEYERS, J., did not participate.

. Ex parte Howard, No. AP-76,809, slip op. at 15, 2013 WL 4859010 (Tex.Crim.App. September 11, 2013) (not designated for publication).

. Id. at 15-17.